UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

vs.

James Robert Monson,

    Defendant.
_____/

Criminal No. 3:19-cr-20532

Honorable Robert H. Cleland

# PRELIMINARY ORDER OF FORFEITURE

A First Superseding Information was filed on or about October 15, 2019, which charged Defendant James Robert Monson with Count One, Production of Child Pornography, in violation of 18 U.S.C. § 2251(a); Count Two, Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b); and Count Three, Penalty For Registered Sex Offender, in violation of 18 U.S.C. § 2260A.

On or about September 25, 2019, the United States filed a First Forfeiture Bill of Particulars to more specifically identify the property to be forfeited under 18 U.S.C. §§ 2253 and 2428. ECF No. 18. The First Forfeiture Bill of Particulars gave notice of the Government's intent to forfeit upon the defendant's conviction, at least the following property:

    1.    One ZTE Quest Plus cellular phone, Model: Z3001S, SN:

320286944922, containing one (1) SanDisk 32GB microSD card;

2. One Coolpad Canvas cellular phone, Model: CP3636A, SN: Unknown, FCC ID: R38YL3636A, IMEI: 863515032202437;

3. One HP Pavilion laptop computer, Model: 17Z-E100, SN: 5CD4150PSF, with two (2) USB dongles and one (1) SanDisk microSD adapter; and

4. One Microsoft 32GB Surface RT tablet computer, Model: 1516, SN: Unknown, FCC ID: C3K1516, SN: Unknown, FCC ID: C3K1516, with attached keyboard and power cord,

(collectively, "Subject Property").

On October 23, 2019, James Robert Monson entered into a Rule 11 Plea Agreement, wherein he pleaded guilty to violating 18 U.S.C. § 2251(a), 18 U.S.C. § 2422(b), and 18 U.S.C. § 2260A as alleged in Counts One, Two, and Three of the First Superseding Information. ECF No. 25.

Defendant has agreed to forfeiture of the Subject Property pursuant to 18 U.S.C. §§ 2253 and 2428.

NOW, THEREFORE, pursuant to 18 U.S.C. § 2253, 18 U.S.C. § 2428 and Federal Rule of Criminal Procedure 32.2, and based upon Defendant's guilty plea to Counts One and Two of the First Superseding Information, the Government's First Forfeiture Bill of Particulars, the defendant's Rule 11 Plea Agreement, the

government's Application for Entry of Preliminary Order of Forfeiture, and other information in the record,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**

1. The defendant shall forfeit, as a result of his violation of 18 U.S.C. § 2251(a) as alleged in Count One, to the United States any and all interest he has acquired or maintained in: (a) any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections; (b) any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the violation; and (c) any property, real or personal, constituting or derived from any proceeds that defendant obtained directly or indirectly as a result of the violation. The defendant shall also forfeit, as a result of his violation of 18 U.S.C. § 2422(b) as alleged in Count Two, to the United States any and all of (1) his interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense; and (2) any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of the offense. Such property includes the Subject

Property.

2. Pursuant to 18 U.S.C. § 2253 and 2428, the Subject Property **IS HEREBY FORFEITED** to the United States for disposition according to law, and any right, title or interest of the defendant, and any right, title or interest that his heirs, successors, or assigns, have or may have in the Subject Property **IS HEREBY AND FOREVER EXTINGUISHED**.

3. The Court has determined, based upon the Information, the Government's First Forfeiture Bill of Particulars, and the defendant's Rule 11 Plea Agreement, and other information in the record, that there is a sufficient nexus between the Subject Property and the defendant's offense.

4. This Preliminary Order of Forfeiture shall become final as to the defendant at sentencing, and forfeiture of the Subject Property shall be made part of the defendant's sentence in this case and included in the Judgment.

5. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

6. Pursuant to 21U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property in such manner as the Attorney General may direct on

[www.forfeiture.gov](www.forfeiture.gov) for at least thirty (30) consecutive days. Said notice shall direct that any person, other than the defendant, asserting a legal interest in the Subject Property, may file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Pursuant to 21 U.S.C. § 853(n), any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought. Pursuant to 21 U.S.C. § 853(n), the United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property.

7. The United States is hereby authorized, pursuant to 21 U.S.C. § 853(n) and Federal Rules of Criminal Procedure 32.2 (c), to conduct any discovery in the ancillary proceeding in accordance with the Federal Rules of Civil

Procedure upon a showing that such discovery is proper and desirable.

8. Pursuant to 21 U.S.C. § 853(n), following the Court's disposition of any petitions for ancillary hearing, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n) for the filing of third party petitions, the United States shall have clear title to the Subject Property, all other interests in the Subject Property shall be **FORFEITED** to the United States, this Order shall become the Final Order of Forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2), and the United States shall be authorized to dispose of the Subject Property as prescribed by law.

9. If a third party files a petition for ancillary hearing for any of the Subject Property, the Court shall enter an Amended Order of Forfeiture that addresses the disposition of the third party petition as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

10. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

Dated: March 2, 2020

s/Robert H Cleland
HONORABLE ROBERT H. CLELAND
United States District Judge